**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| TRAFFIC INFORMATION, LLC, | § | |
| | § | |
| *Plaintiff,* | § | CASE NO. 2:10-CV-00145-TJW |
| | § | |
| | § | |
| HUAWEI TECHNOLOGIES CO., LTD., | § | |
| INRIX, INC., METROPCS WIRELESS, | § | |
| INC., CELLULAR USA INC., | § | |
| PERSONAL COMMUNICATIONS | § | **JURY TRIAL DEMANDED** |
| DEVICES, LLC, TELENAV, INC., | § | |
| UTSTARCOM, INC. and ZTE (USA), INC., | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANT HUAWEI TECHNOLOGIES CO., LTD.'S MOTION TO DISMISS AND BRIEF IN SUPPORT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Huawei Technologies Co., Ltd. ("Huawei") files this Motion to Dismiss for Failure to State a Claim ("Motion to Dismiss"), as follows:

## I. SUMMARY

This case involves a patent infringement action brought against Huawei, a Chinese corporation, and several other defendants. In its amended complaint, Plaintiff Traffic Information, LLC ("Traffic") alleges that all defendants infringe U.S. Patent Nos. 6,785,606 (the "'606 patent") and 6,466,862 (the "'862 patent") involving "traffic information systems." This is the sixth patent infringement action filed by Traffic, each of which contains the same generalized allegations of infringement without specifically identifying any accused products or services.

Traffic's amended complaint should be dismissed because Traffic's generalized allegations fail to identify any accused products or services.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On April 30, 2010, Traffic filed its complaint against Huawei and several other defendants in the Eastern District of Texas.[1] In its complaint, Traffic alleges that Huawei is a Chinese corporation with its principal place of business in China.[2]

Traffic has filed at least five other suits in this District against different kinds of companies, including mobile phone companies,[3] automobile manufacturers,[4] electronics companies,[5] telecommunications companies,[6] retail stores,[7] and internet websites.[8] Despite the variety of defendants and their different lines of business, Traffic's complaints all contain the same boilerplate language asserting infringement of "traffic information systems" against each defendant:

---

[1] *See* Complaint for Patent Infringement [Doc. 1].

[2] *Id*. at 1, ¶ 2.

[3] *See Traffic Information, LLC v. AT&T Mobility, LLC, et al.*, No. 2:09-CV-083 [Doc. 1-2] (E.D. Tex. March 20, 2009), a true and correct copy of which is attached as Exhibit A.

[4] *See id*. For example, Volvo Cars of North America is listed as a defendant.

[5] *See Traffic Information, LLC v. Cricket Communications, Inc., et al.*, No. 2:10-CV-226 [Doc. 1] (E.D. Tex. July 6, 2010), a true and correct copy of which is attached as Exhibit B.

[6] *See Traffic Information, LLC v. HTC USA, Inc., et al.*, No. 2:08-CV-404 [Doc. 1] (E.D. Tex. Oct. 20, 2008), a true and correct copy of which is attached as Exhibit C.

[7] *See Traffic Information, LLC v. Sony Electronics, et al.*, No. 2:09-CV-191 [Doc. 1] (E.D. Tex. June 10, 2009), a true and correct copy of which is attached as Exhibit D. For example, Best Buy Stores is listed as a defendant.

[8] *See Traffic Information, LLC v. Yahoo! Inc., et al.*, No. 2:09-CV-246 [Doc. 1] (E.D. Tex. August 18, 2009), a true and correct copy of which is attached as Exhibit E. Defendant American Automobile Associations, Inc. filed a motion to dismiss against Traffic in this case, which the Court denied. However, Traffic has since filed two new lawsuits containing the same boilerplate language, and this District has issued several opinions granting motions to dismiss where the plaintiff used the same boilerplate language Traffic uses. In light of the five previously-filed lawsuits, presumably, Traffic should be able to identify the accused products it alleges infringe its patents.

> Each defendant, alone and in conjunction with others, has in the past and continues to infringe, contribute to infringement, and/or induce infringement of the '606 patent by making, using, selling, offering to sell and/or importing, and/or causing others to use, traffic information systems and products and services that alone or in combination with other devices are covered by at least one claim of the '606 patent, and are liable for infringement of the '606 patent pursuant to 35 U.S.C. § 271.[9]

On May 28, 2010, Traffic filed an amended complaint to add new defendants and to assert infringement of a second patent, the '862 patent.[10] Traffic again used the same boilerplate language it used for asserting infringement of the '606 patent, as well as similar language it used in previous lawsuits.[11] Traffic's amended complaint again failed to identify the products or services allegedly infringing its patents.[12]

## III.
## ARGUMENTS AND AUTHORITIES

### A. Legal Standard.

Regional circuit law applies to motions to dismiss for failure to state a claim.[13] "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief."[14] Federal Rule of Civil Procedure 8(a)(2) provides that to state a claim, a pleading must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief."[15] Under Rule 84, "[t]he forms in the Appendix suffice

---

[9] *Compare* [Doc. 1] *with* Exhibit A at 4-5, ¶ 18, Exhibit B at 3, ¶ 13, Exhibit C at 4, ¶ 16, Exhibit D at 4, ¶ 17, *and* Exhibit E at 4, ¶16.

[10] *See* First Amended Complaint for Patent Infringement [Doc. 26].

[11] *Compare* [Doc. 26] at 5-6, ¶ 25 *with* Exhibit B at 4, ¶ 18 *and* Exhibit C at 4, ¶ 16.

[12] *See* First Amended Complaint for Patent Infringement [Doc. 26].

[13] *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007).

[14] *Id*. at 1356 (internal quotations omitted); *see also Doe v. MySpace, Inc.*, 528, F.3d 413, 418 (5th Cir. 2008).

[15] FED. R. CIV. P. 8.

under these rules and illustrate the simplicity and brevity that these rules contemplate."[16] Form 18 provides a sample complaint for patent infringement.[17]

An allegation of infringement that consists of "nothing more than a bare assertion" that a defendant is directly and/or indirectly infringing the asserted patent "plainly falls within the prohibition against "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."[18]

**B. Traffic's Allegations of Direct Infringement Should be Dismissed for Failure to Adhere to Form 18.**

Traffic's allegations of direct infringement fail to adhere to Form 18 because they do not specifically identify any accused products or services. Direct infringement claims require a plaintiff to specifically identify any accused products, services, methods, or other infringing acts and that identification of accused instrumentalities be specific as to particular defendants.[19] In *Landmark Tech*., the Court dismissed the complaint where the complaint accused "electronic commerce systems," like the "traffic information systems" alleged in this case.[20]

---

[16] FED. R. CIV. P. 84.

[17] FED. R. CIV. P. FORM 18.

[18] *Elan v. Apple*, No. C 09-01531, 2009 WL 2972374, at *1 (N.D. Cal. Sept. 14, 2009) (dismissing patent infringement counterclaims for failure to satisfy the pleading standards of Rule 8).

[19] *See*, *e.g.*, *Landmark Tech. LLC v. Aeropostale*, No. 6:09-CV-262, slip op. at 5 (E.D. Tex. Mar. 29, 2010), a true and correct copy of which is attached as Exhibit F; *see also Realtime Data, LLC v. Morgan Stanley*, *et al.*, No. 6:09-CV-326, slip op. at 6 (E.D. Tex. May 7, 2010) (granting motion to dismiss because "without further context it is unclear as to what 'data compression products and/or services' refers"), a true and correct copy of which is attached as Exhibit G; *i2 Tech.*, *Inc. v. Oracle Corp.*, No. 6:09-CV-194, slip op. at 4 (E.D. Tex. Mar. 29, 2010) (granting motion to dismiss where plaintiff's complaint "fails to identify any asserted claims or any accused products or services for each of the patents-in-suit" and therefore "does not state a claim for relief that is plausible on its face."), a true and correct copy of which is attached as Exhibit H.

[20] *Landmark Tech.*, slip op. at 5.

Traffic's blanket assertion that Huawei directly infringes its patents by "making, using, selling, or offering to sell . . . traffic information systems and products or services"[21] fails to specifically identify any products manufactured by Huawei that would be covered under the patented claim language. For example, claim 1 of both the '606 and '862 patents requires "[a] system for providing traffic information to a plurality of mobile users connected to a network."[22] Thus, Traffic's complaint does not fairly place Huawei on notice of which of its many products or services, either by category or by name, infringe the patents-in-suit.[23] Accordingly, Huawei's motion to dismiss should be granted.

**C. Traffic's Allegations of Indirect Infringement Should be Dismissed.**

Because indirect infringement requires proof of elements beyond those required to show direct infringement, Form 18 is inapplicable.[24] As recent Eastern District of Texas decisions make clear, a claim for indirect infringement will not survive a motion to dismiss under the pleading requirements of the Federal Rules when the complaint fails to identify: (1) any asserted claims or any accused products or services for each of the patents-in-suit, (2) which claims of the patent-in-suit are indirectly infringed, and (3) who is the direct infringer in reference to its indirect infringement claims. [25]

---

[21] *See* [Doc. 26] at 5-6, ¶¶ 20 & 25.

[22] *See* United States Patent No. 6,785,606, attached as Exhibit A to [Doc. 26] at 26 & United States Patent No. 6,466,862, attached as Exhibit B to [Doc. 26] at 26.

[23] Huawei provides numerous products and services, including: wireless base stations and controllers (LTE, UMTS, GSM, CDMA, WiMAX), wired and wireless networking products, switches, routers, modems, gateways, set-top box products, network management products, software, optical products, carrier infrastructure products and services, antennas, power supplies, mobile phones (CDMA, UMTS, GSM), video phones, video cameras, video encoders, conferencing products, memory and storage products, and other telecommunications products. *See* http://www.huawei.com.

[24] *Elan,* 2009 WL 2972374, at *2; *see also Colida v. Nokia, Inc.*, 347 Fed. Appx. 568 (Fed. Cir. 2009) (in dicta, questioning the validity of Form 18).

[25] *See, e.g., Eolas v. Adobe*, No. 6:09-CV-446, 2010 WL 2026627, at *3 (E.D. Tex. May 6, 2010); *see also Clear with Computers, LLC v. Bergdorf Goodman, Inc.*, No. 6:09-CV-481, 2010 WL 3155888, at *4

Furthermore, it is well established that there can be no indirect infringement unless a plaintiff can prove that some person or entity committed the act of direct infringement.[26]  Even if a plaintiff adequately pleads direct infringement, a claim for induced infringement requires a showing that the defendant knowingly induced the infringement and possessed specific intent to encourage the infringement.[27]  A claim for contributory infringement requires the patentee to show that the defendant knew that the combination for which its components were made "was both patented and infringing."[28]  "The mere sale of a product capable of substantial non-infringing uses does not constitute indirect infringement of a patent."[29]

Even assuming Traffic met the requirements for asserting a claim for direct infringement (which, as discussed above, it did not), Traffic's amended complaint fails to plead facts demonstrating critical elements of either claim of induced or contributory infringement.  First, Traffic fails to allege facts showing direct infringement of a valid claim.  Instead, Traffic simply asserts that Huawei indirectly infringes by "causing others to use, traffic information systems and products and services."[30]  This provides no guidance at all as to which person or entity, if anyone, directly infringes any of the claims of the patents-in-suit and fails to inform Huawei as to what it must defend.

Traffic also fails to set forth any facts in the amended complaint establishing that Huawei had the requisite knowledge for contributory infringement liability or specific intent to induce

---

(E.D. Tex. March 29, 2010) (holding that a claim for indirect infringement was deficient because it did not identify the claims of the patent-in-suit that were indirectly infringed or the methods or systems within a website that infringed those claims); Exhibit H at 5.

[26] *Novartis Pharms. Corp. v. Eon Labs Mfg., Inc.*, 363 F.3d 1306, 1308 (Fed. Cir. 2004) (finding no indirect infringement because the patent was not directly infringed).

[27] *ACCO Brands, Inc. v. ABA Locks Mfrs. Co.*, 501 F.3d 1307, 1312 (Fed. Cir. 2007).

[28] *Golden Blount, Inc. v. Robert H. Peterson Co.*, 365 F.3d 1054, 1061 (Fed. Cir. 2004).

[29] *ACCO Brands, Inc.*, at 1313-14.

[30] *See* [Doc. 26] at 5, ¶ 20.

infringement. Instead, Traffic simply asserts that Huawei "has in the past and continues to infringe, contribute to infringement, and/or induce infringement" of the '606 and '862 patents.[31] Traffic does not provide any facts setting forth the basis for its claims of indirect infringement, for example, that Huawei possessed the requisite knowledge and specific intent to encourage infringement of the patents-in-suit.

Finally, Traffic's amended complaint fails to identify which claims of either patent are indirectly infringed. As discussed above, taken as a whole, the generalities asserted in Traffic's complaint do not suffice, and Traffic's complaint should be dismissed for failure to state a claim.

## V. CONCLUSION

For all of the foregoing reasons, Huawei respectfully requests that this Court grant its Motion to Dismiss for Failure to State a Claim and grant Huawei any relief to which it is entitled.

Respectfully submitted,

*/s/ Jamil N. Alibhai*
**JAMIL N. ALIBHAI**
Texas State Bar No. 00793248
jalibhai@munckcarter.com
**ROBERT D. MCCUTCHEON**
Texas State Bar No. 00789480
rmccutcheon@munckcarter.com
**KELLY P. CHEN**
Texas State Bar No. 24062664
kchen@munckcarter.com
**MUNCK CARTER, LLP**
12770 Coit Road
600 Banner Place
Dallas, Texas 75251
(972) 628-3600 Telephone
(972) 628-3616 Facsimile

**COUNSEL FOR DEFENDANT HUAWEI TECHNOLOGIES CO., LTD.**

[31] *Id.*

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of this document has been served via the Court's CM/ECF to all counsel of record in accordance with the Federal Rules of Civil Procedure on October 14, 2010.

*/s/ Jamil N. Alibhai*
Jamil N. Alibhai